GEORGE H. MARVIN, Respondent, *v.* LE GRAND MARVIN,
impleaded, etc., Appellant.

(Argued May 12, 1873 : decided May 20, 1873.)

THIS was an action upon a joint promissory note of $1,000,
executed by appellant and his co-defendant, George L. Marvin.  The defence, in substance, was that the note had been,
in fact, paid by the joint funds of defendants; that plaintiff
was not a *bona fide* holder, but that the note was nominally
assigned to plaintiff under a pretended arrangement between
him and G. L. Marvin, which was, in fact, a sham and a fraud
upon appellant.  Plaintiff's evidence tended to show that G.
L. Marvin had in the hands of an agent, one Noxon, of Syracuse, the sum of $1,055, realized from the sale of real estate
in that city, the title of which, prior to sale, was in said G. L.
Marvin; that said G. L. Marvin transferred the same to plain-

tiff (who was his son) to pay an indebtedness due from him to plaintiff of about $400, and the balance as a loan, and that with the funds Noxon, by the direction of plaintiff, purchased the note in suit. Appellant proved that he and G. L. Marvin had been partners, and had been operating in real estate, and by articles of agreement between them it was agreed that the real estate and the interest of the parties therein, whether standing in the name of the one or the other, should be for the joint benefit. Some evidence was given as to their joint interest in the Syracuse premises. Defendant offered to show that the accounts of the receipts and disbursements in respect to that property were entered in the partnership books as partnership accounts; also, that the property was, in fact, joint property. This evidence was, upon plaintiff's objection, excluded. *Held,* error; that the evidence was proper, as tending to show that the note was purchased with joint funds; that there was no question of a trust involved; and the provision of the statute of uses and trusts, abolishing resulting trusts arising from the payment of the purchase money of lands by one, the title being taken by another, did not apply; that that provision could not defeat an express covenant or be made the instrument of fraud; also, that the evidence was competent upon the question as to the *bona fides* of the transaction between plaintiff and G. L. Marvin.

*Le Grand Marvin*, appellant, in person.

*L. K. Bass* for the respondent.

ALLEN, J., reads for reversal and new trial.
All concur.
Judgment reversed and new trial ordered.